## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| FEDERAL EXPRESS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:25-cv-02222-JPM-atc |
| | ) | |
| v. | ) | |
| | ) | |
| MY PILLOW, INC. and | ) | |
| MICHAEL J. LINDELL, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION FOR ENTRY OF DEFAULT JUDGMENT

Before the Court is Plaintiff Federal Express Corporation's ("Plaintiff's" or "FedEx's") Motion for Entry of Default Judgment, filed on July 10, 2025. (ECF No. 19.) The Court held a hearing on the Motion on July 30, 2025. (ECF No. 21 (Min. Entry).) Plaintiff seeks recovery against Defendant My Pillow, Inc. ("My Pillow") on the theories of breach of contract or, in the alternative, unjust enrichment. (ECF No. 13 ¶¶ 22–28.) Plaintiff also seeks recovery against Defendant Michael J. Lindell ("Lindell") (collectively with My Pillow, "Defendants") on the theory of fraud. (Id. ¶¶ 29–30.)

Pursuant to Rule 55(b), the Court finds sufficient factual basis by a preponderance of the evidence to support the entry of default judgment and therefore **GRANTS** the Motion. Based on Plaintiff's Motion, the evidence adduced at the hearing, the arguments of Plaintiff's counsel, and the entire record in this case, the Court finds as follows:

1. Plaintiffs filed their initial Complaint in this matter against My Pillow on February 27, 2025. (ECF No. 1.) Plaintiffs ultimately filed a First Amended Complaint against Defendants on June 6, 2025. (ECF No. 13.)

2. My Pillow was served via private process server, who delivered a copy of the First Amended Complaint and Summons to Lindell as My Pillow's CEO at Alfred A. Arraj Courthouse, 901 19th Street, Denver, CO 80294 on June 6, 2025. (ECF No. 15.)

3. Lindell was also served via private process server, who delivered a copy of the First Amended Complaint and Summons to Lindell personally at Alfred A. Arraj Courthouse, 901 19th Street, Denver, CO 80294 on June 6, 2025. (ECF No. 16.)

4. Neither Defendant has answered or otherwise responded to the First Amended Complaint.

5.  Upon Plaintiff's motion, (ECF No. 17), the Clerk entered default against Defendants on July 8, 2025.  (ECF No. 18.)

6.  Defendants have not appeared personally or by representative in this matter.

7.  Because of Defendants' default, they have admitted the well-pleaded factual allegations contained in the First Amended Complaint.

8.  The Court finds, based upon the allegations contained in the First Amended Complaint and the entire record in this case, that My Pillow is liable to Plaintiff for breach of contract.  Specifically, My Pillow failed and refused to pay invoices for shipments it placed with FedEx on credit in material breach of the Parties' contract.  My Pillow owes FedEx $8,809,056.31 in unpaid shipping charges and late fees.

9.  The Court also finds, based upon the allegations contained in the First Amended Complaint and the entire record in this case, that Lindell is liable to Plaintiff for fraud.  Starting in August 2024, Lindell made multiple specific representations about My Pillow's impending ability to pay its debt in order to prevent FedEx from closing My Pillow's shipping accounts.  He made these representations recklessly as to or with knowledge of their falsity.  FedEx reasonably relied on Lindell's representations in its decision to not revoke My Pillow's credit privileges or stop shipping altogether for My Pillow.

10. Based on the evidence adduced at the hearing, the arguments of counsel, and the entire record in this case, the Court finds My Pillow liable to Plaintiffs in the amount of **$8,809,056.31 in compensatory damages**.  The Court also finds Lindell jointly and severally liable to Plaintiff in the amount of **$2,677,933.31 in compensatory damages**.  The Court additionally awards court costs and 4.08% yearly in post-judgment interest pursuant to 28 U.S.C. § 1961(a).

11. Accordingly, judgment is hereby entered in the amount of $8,809,056.31 against My Pillow, Inc., and $2,677,933.31 against Michael J. Lindell and jointly and severally against My Pillow, Inc.  Costs are taxed against Defendants.

**SO ORDERED**, this 1st day of August, 2025.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE